UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Bernard Dickerson and Gwendolyn Fox, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00972 AGF |
| ) | |
| GlaxoSmithKline, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand and Request for Expedited Consideration, and Defendant's Motion to Stay pending transfer of all proceedings to the multidistrict litigation now pending in the Eastern District of Pennsylvania.

This products liability suit was brought by Plaintiffs Bernard Dickerson and Gwendolyn Fox in the Circuit Court for the City of St. Louis, Missouri. Plaintiffs allege that the prescription medication Avandia, which was manufactured, advertised, sold, and distributed by Defendant, caused irreparable damage to their hearts and cardiovascular systems. They further contend that Defendant was aware of the potential danger caused by its medication, and continued to sell it without proper warnings. Dickerson is a citizen of Delaware. Fox is a citizen of Missouri. Both Plaintiffs were prescribed Avandia by their physicians, and purchased the medication in their home states. Defendant GlaxoSmithKline, LLC, is a citizen of Delaware.

Defendant removed the case to this Court asserting that nondiverse Plaintiff Dickerson was fraudulently joined for the sole purpose of destroying diversity and defeating federal jurisdiction. In support of their motion to remand, Plaintiffs argue that their claims are properly joined under In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010). In In re Prempro, multiple plaintiffs joined in a single suit, asserting claims against multiple pharmaceutical manufacturers for medical conditions the plaintiffs alleged resulted from the manufacturers' negligent design, testing, and warning of certain drugs. The defendants removed the case to federal court, asserting fraudulent misjoinder. Though noting that some courts had rejected the theory of fraudulent misjoinder, the Eighth Circuit declined to rule on that basis, but found that the claims of the unrelated plaintiffs were "logically related" within the meaning of Rule 20(a)(1) of the Federal Rules of Civil Procedure, and that the alleged misjoinder was "not so egregious as to constitute fraudulent misjoinder." Id. at 622. The Court noted that given the nature of the plaintiffs' claims, the litigation was "likely to contain common questions of law and fact." Id. at 623.

In a case presenting the same question as the one before this Court, Hall v. GlaxoSmithKline, LLC, ___ F. Supp. 2d___, No. 4:10CV00965 MLM (E.D. Mo. June 16, 2010), United States Magistrate Judge Mary Ann L. Medler determined that, indeed, under In re Prempro, two unrelated Plaintiffs, one of whom was nondiverse, who took Avandia were properly joined in one action against GlaxoSmithKline, LLC. Id. (Memo and Order of June 17, 2010, remanding case to state court). This Court finds the

reasoning and conclusion in Hall convincing.

Defendant here seeks to distinguish In re Prempro, asserting that the two Plaintiffs in the present case were joined in a single suit merely to defeat federal jurisdiction. Defendant cites to language in In re Prempro, in which the Court noted that there was no evidence in that case that the plaintiffs joined their claims to defeat diversity jurisdiction, and that without evidence of "bad faith," the Court would not conclude that there was egregious misjoinder. Defendant asserts that a bad faith finding is appropriate here, pointing to the fact that besides Hall and the present case, there are currently four cases pending in this district against Defendant, each filed by Plaintiffs' counsel in this case on behalf of two plaintiffs who were allegedly injured by taking Avandia, and each including one plaintiff who is nondiverse.

The "bad faith" language in In re Prempro upon which Defendant relies may well be dictum. Even if it is not dictum, given the broad definition of proper joinder adopted by the Eighth Circuit, this Court finds no misjoinder. This case is not like Tapscott v. MS Dealer Service Corp. 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), upon which Defendant relies. In Tapscott, the amended complaint joined two groups of plaintiffs, a non-diverse "automobile class" and a diverse "merchant class." Id. at 1359-60 & n.16. Finding no similarity between the claims of the two classes, other than the fact that the defendants were alleged to have violated the same fraud provisions, the Eleventh Circuit found the joinder bordered on a "sham." Id. at 1360. In In re Prempro, the Eighth Circuit declined

-3-

to apply Tapscott "absent evidence that plaintiffs' misjoinder borders on a 'sham.'" In re Prempro, 591 F.3d at 624 (citing Walton v. Tower Loan of Miss., 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004) ("[F]or Tapscott to be applicable, this court would be required to find a level of misjoinder that was not only improper, but grossly improper.")).

Here the joinder does not appear to be a "sham" or to be grossly improper. Plaintiffs' claims are against the same Defendant, related to the same drug, and there is no dispute that the litigation is likely to contain common questions of law and fact. In this respect, the case for proper joinder is stronger here than it was in In re Prempro.

Further, the language upon which Defendant relies in In re Prempro does not undermine the essential holding of that case – namely, that the doctrine of fraudulent misjoinder does not apply to the joinder of a nondiverse plaintiff who is a real party in interest, where the litigation is likely to contain common questions of law and fact. The "bad faith" referred to must be something more than a desire to defeat federal jurisdiction. As Judge Medler noted in Hall, 2010 WL 2473387, at *3, the Eighth Circuit explained in Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400 (8th Cir. 1997), as follows:

> [I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material. . . . If under our dual court system a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of properly joining a . . . a nondiverse co-plaintiff, he is free to do so.

556 F.2d at 404, 406. The Court does not believe that the above-referenced language pertaining to bad faith in In re Prempro abrogates this proposition.

Here there is no dispute that the nondiverse party, Dickerson, is a real party in interest seeking to recover against Defendant for his own alleged injuries.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. [Doc. #12]

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay is **DENIED** as moot. [Doc. #9]

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion for Leave to File Supplemental Legal Authority and Plaintiffs' Third Motion for Leave to File Supplemental Legal Authority are **DENIED** as moot. [Doc. #26 & #27]

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all necessary administrative steps to remand this case to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

                                                _/s/ Audrey G. Fleissig_____
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2010.